**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Eduardo Grarciavo Umba,

Petitioner,

v.

Luis Rosa, Jr., et al.,

Respondents.

No. CV-26-03099-PHX-SHD (ASB)

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) Respondents responded on May 13, 2026, and filed a status report on August 21, 2026. (Docs. 8, 13.) For the following reasons, the Court will grant the Petition to the extent Petitioner seeks a bond hearing in which the burden of proof rests with the Government.

## I. Background

Petitioner, a native and citizen of Angola, entered the United States without inspection in February 2024 and was released on his own recognizance. (Doc. 8 at 1-2.) On January 28, 2026, Border Patrol agents apprehended him and served him with a warrant of arrest under 8 U.S.C. § 1226, and he has been detained since. (Doc. 8-2 at 2; Doc. 8-3.) On March 10, 2026, an immigration judge denied his request for a custody redetermination without addressing flight risk or danger, concluding that he "appears to be subject to mandatory detention" as an applicant for admission under 8 U.S.C. § 1225(b). (Doc. 8-4 at 1.) On April 8, 2026, the immigration judge granted Petitioner

voluntary departure with an alternate order of removal to Brazil or Uganda, and both parties waived appeal. (Doc. 8-5 at 2, 4.) Petitioner nonetheless filed an appeal with the Board of Immigration Appeals ("BIA") on May 4, 2026. (Doc. 8-6 at 1.)

In response to the Petition, Respondents initially argued that Petitioner was detained under 8 U.S.C. § 1231 pursuant to a final removal order. (Doc. 8 at 2-4.) They now report that the designated countries would not accept Petitioner, that the immigration judge reopened his removal proceedings on DHS's motion on July 31, 2026, and that Petitioner "is now held under 8 U.S.C. § 1226 but has not requested a bond hearing." (Doc. 13 at 1; Doc. 13-1 at 2.)

**II. Discussion**

Because Petitioner's proceedings have been reopened, he is no longer subject to a final order of removal, and § 1231 does not apply. *See Lopez-Ruiz v. Ashcroft*, 298 F.3d 886, 887 (9th Cir. 2002); *Owino v. Napolitano*, 575 F.3d 952, 955 (9th Cir. 2009). Respondents acknowledge that § 1226 governs Petitioner's detention. (Doc. 13 at 1.) *See also Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026) (holding that § 1226, rather than § 1225(b)(2)(A), governs the detention of noncitizens who entered without admission and are later arrested inside the country). To the extent the Petition seeks release under *Zadvydas v. Davis*, 533 U.S. 678 (2001), that claim is moot. Liberally construed, Petitioner's pro se Petition also raises a due process challenge to his prolonged detention without an individualized determination that detention is justified. (*See* Doc. 1; Doc. 8 at 2.)

Placing the burden of proof on the noncitizen at a § 1226(a) bond hearing is facially constitutional, but the Ninth Circuit did "not foreclose all as-applied challenges to § 1226(a)'s procedures." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022). As in *Rodriguez Diaz*, the Court applies the three-part test of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing (1) the private interest affected, (2) the risk of erroneous deprivation and the value of additional safeguards, and (3) the Government's interest. *Rodriguez Diaz*, 53 F.4th at 1207.

First, Petitioner has been detained for more than nine months, well past the six months that typically qualifies as "'prolonged' in a general sense." *Rodriguez Diaz*, 53 F.4th at 1207. The considerations that diminished the private interest in *Rodriguez Diaz* are absent: Petitioner accepted voluntary departure and waived appeal, he remains in custody because the designated countries would not accept him and DHS moved to reopen, nothing in the record suggests his later BIA appeal lengthened his detention, and he is not subject to a final order of removal. (Doc. 8-5 at 2, 4; Doc. 8-6; Doc. 13-1 at 2.) *Cf. Rodriguez Diaz*, 53 F.4th at 1207-08. This factor weighs strongly in his favor.

Second, the risk of erroneous deprivation was "relatively small" in *Rodriguez Diaz* because the decision to detain the petitioner "was subject to numerous levels of review." *Id.* at 1209-10. Petitioner has received no such review here. His only hearing ended with a finding that he was ineligible for bond (Doc. 8-4 at 1), a ruling Respondents do not defend and that is difficult to reconcile with *Rodriguez Vazquez*, and no bond hearing was available during his nearly four months in § 1231 detention. Respondents note that Petitioner has not requested a bond hearing since his proceedings were reopened. (Doc. 13 at 1.) But a hearing held more than nine months into detention, at which a detained and unrepresented Petitioner bears the burden, would not adequately guard against error, and "[s]hifting the burden to the Government at a subsequent bond hearing likely will reduce the risk of the continuing erroneous deprivation of [Petitioner's] liberty interests." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1243 (D.N.M. 2025). This factor also weighs in his favor.

Third, the Government's strong interest in enforcing the immigration laws must "weigh heavily," *Rodriguez Diaz*, 53 F.4th at 1208, but that interest "only outweighs Petitioner's liberty interests if he is a flight risk or a danger to his community," *Velasquez Salazar*, 806 F. Supp. 3d at 1244. Moreover, the relevant question under *Mathews* is the Government's interest in the challenged procedure—here, continued detention without any individualized assessment—and the burden that additional process would impose. The Government has no legitimate interest in detaining a noncitizen who poses no danger

and whose risk of flight can be addressed through bond or alternative conditions. *See Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). A bond hearing serves, rather than undermines, the Government's interests by identifying those noncitizens whose detention is actually warranted. The administrative burden of such a hearing is modest, as immigration judges routinely conduct custody hearings for noncitizens detained under § 1226(a). *See* 8 C.F.R. § 1003.19. This factor is, at most, neutral.

Because two *Mathews* factors favor Petitioner and the third is, at most, neutral, the procedures afforded to Petitioner have not been sufficient to comport with due process. Due process requires the Government to bear the burden of proving by clear and convincing evidence that Petitioner is a danger or flight risk. *Singh v. Holder*, 638 F.3d 1196, 1203-05 (9th Cir. 2011), *abrogated in part as recognized by Rodriguez Diaz*, 53 F.4th 1189.

**IT IS ORDERED:**

1. The Petition for Writ of Habeas Corpus Under § 2241 (Doc. 1) is **granted to the extent Petitioner seeks a bond hearing**. To the extent the Petition seeks release under *Zadvydas*, it is denied as moot and without prejudice.
2. Respondents must provide Petitioner a bond hearing within seven (7) days of the date this Order is filed. The bond hearing shall comport with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). There must be a contemporaneous record of the hearing, and the Government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community. In the alternative, the Government shall immediately release Petitioner under appropriate conditions of release.
3. Respondents must provide a notice of compliance within two (2) days of Petitioner's bond hearing or release.

///

///

4. The Clerk of Court is directed to enter judgment in favor of Petitioner and close this case.

Dated this 12th day of November, 2026.

Honorable Sharad H. Desai
United States District Judge